UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| RAILROAD RETIREMENT BOARD | ) | |
| Petitioner, | ) | |
| | ) | JUDGE HOLDERMAN |
| v. | ) | |
| | ) | 03C 2156 DOCKETE |
| AMERICAN RAILROADS CORPORATION, | ) | MAR 2 7 2003 |
| Respondent. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | GERALDINE SOAT BROWN |

**PETITION FOR SUMMARY ENFORCEMENT
OF UNITED STATES RAILROAD RETIREMENT BOARD SUBPOENA**

Petitioner, the United States Railroad Retirement Board, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully petitions this court for an order requiring respondent, the American Railroads Corporation(ARC), to produce documents as set forth in a United States Railroad Retirement Board subpoena duces tecum previously served upon respondents. This request is made pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.*, and the Railroad Unemployment Insurance Act, 45 U.S.C. § 351 *et seq.*, and is supported by a memorandum filed contemporaneously with the petition.

As the basis for its petition, the United States Railroad Retirement Board (Board) avers as follows:

**Jurisdiction and Venue**

1. Subject matter jurisdiction is conferred on this court by section 12(b) of the Railroad Unemployment Insurance Act, 45 U.S.C. § 362(b) and section 7(b)(3) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231f(b)(3) (incorporating 45 U.S.C. § 362(b)).

2. Venue is proper in this court under 45 U.S.C. § 362(b).

**Parties**

3.      Petitioner is the United States Railroad Retirement Board, which issued a subpoena duces tecum from its office in Chicago, Illinois.

4.      Respondent American Railroads Corporation is a corporation registered in Illinois. The last known address for respondent is 135 North Avenue, Barrington, Illinois 60010.

### Issuance and Service of the Subpoena; Authority Therefor

5.      On March 28, 2002, Beatrice Ezerski, Secretary to the Board, on behalf of the United States Railroad Retirement Board, signed and issued a subpoena for records to Richard McClure, as Chairman, President and CEO of ARC. The subpoena was issued in the exercise of the authority conferred upon the Board by the Railroad Retirement Act of 1974, 45 U.S.C. § 231f(b)(3), and the Railroad Unemployment Insurance Act, 45 U.S.C. § 362(a) and (b). Section 231f(b)(3) incorporates 45 U.S.C. § 362(a) and (b) by reference. Section 362(a) provides in pertinent part:

> For the purpose of any investigation or other proceeding relative to the determination of any right to benefits, or relative to any other matter within its jurisdiction under this chapter, the Board shall have the power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any evidence, documentary or otherwise, that relates to any matter under investigation or in question, before the Board or any member, employee, or representative thereof.

Section 362(b) provides in pertinent part:

> In case of contumacy by, or refusal to obey a subpoena lawfully issued to, any person, the Board may invoke the aid of the district court of the United States * * * where such person is found or resides or is otherwise subject to service of process * * * or the District Court of the United States for the Northern District of Illinois, if the investigation or proceeding is being carried on in the Northern District of Illinois, in requiring the attendance and testimony of witnesses and the production of evidence. Any such court shall issue an order requiring such person to appear before the Board or its specified employee or representative at the place specified in the subpena of the Board, whether within or without the judicial district of the court, there to produce evidence, if so ordered, or there to give testimony concerning the matter under

2

investigation or in question; and any failure to obey such order of the court may be punished by said court as contempt thereof. All orders, writs, and processes in any such proceeding may be served in the judicial district of the district court issuing such order, writ, or process, except that the orders, writs, and processes * * * of the District Court of the United States for the Northern District of Illinois in such proceedings may run and be served anywhere in the United States.

6. Among the duties assigned by the Railroad Retirement and Railroad Unemployment Insurance Acts to the Board, which the subpoena power may be used to support, is the statutory duty and responsibility to determine eligibility for retirement annuities, disability annuities, lump sum benefits, and other benefits under the Railroad Retirement Act and eligibility for sickness insurance and unemployment insurance under the Railroad Unemployment Insurance Act. 45 U.S.C. §§ 231f(b), 352 and 355. Such benefits are based on reports required to be filed by employers covered under these Acts. 45 U.S.C. §§ 231h and 356. A company may be an employer if it is a carrier by rail, or if it is owned or controlled or under common control with a carrier and providing services in connection with railroad transportation, or under certain other circumstances. 45 U.S.C. §§ 231(a)(1) and 351(a). In order to determine whether a company which may be an employer under the Acts should be ruled to actually be an employer under the Acts, the Board must obtain information as to the ownership and affiliation of that company and the services it performs, as well as the period of that ownership and provision of services. *Id.* The Board is required to obtain such information in order to properly administer the Acts. 45 U.S.C. §§ 231f(b) and 355.

7. The subpoena addressed to Richard McClure, as chairman, president and CEO of ARC was issued in furtherance of the Board's statutory duties as set forth above. The subpoena seeks to obtain documents maintained by ARC to determine whether ARC will be an employer under the jurisdiction of the Railroad Retirement and the Railroad Unemployment Insurance Acts.

3

8.     A further description of the records sought by the subpoena, together with an expanded explanation of the basis for its issuance, arc contained in the Declaration of Joseph B. Ellena, Chief, Audit and Compliance Section, Railroad Retirement Board (Decl. of Ellena), which is attached to the accompanying Memorandum at Attachment 1.

9.     The subpoena was served upon Richard McClure on May 15, 2002. A true and correct copy of the subpoena and the return of service arc attached to the accompanying Memorandum as Exhibit A to Attachment 1, Dec. of Ellena.

### Respondent's Refusal to Comply with the Subpoena

10.     The subpoena directed respondent to produce the records requested at the office of the Railroad Retirement Board on May 22, 2002. The records were not produced as required.

11.     Prior to the issuance of the subpoena, the Board had requested this information from McClure on August 16, 2001, October 4, 2001, November 5, 2001 and January 8, 2002. These letters are attached to the accompanying Memorandum as Exhibits B, C, D, and E to Attachment 1, Dec. of Ellena. Similarly, no response was received to those requests.

## Relief Requested

12.     The subpoena is fully authorized and in all other respect is proper and entitled to enforcement by this Court.

WHEREFORE, petitioner United States Railroad Retirement Board requests this court to:

a.     Order respondent ARC to produce all documents and materials described in the subpoena but not yet produced, before a duly authorized designee of the United States Railroad Retirement Board at a time, date and place specified by the court; and

b.     Grant such other and further relief as this court deems necessary and appropriate.


Dated: March 26, 2003

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:     MARIA SIMON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-5349

AFFIDAVIT OF MAILING

· STATE OF ILLINOIS    )
                      ) SS
COUNTY OF COOK    )

PAULA M. GABRIEL being first duly sworn on oath deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 26th day of March 2003 she placed a copy of a:

1. **PETITION FOR SUMMARY ENFORCEMENT OF UNITED STATES' RAILROAD RETIREMENT BOARD SUBPOENA.**

2. **MEMORANDUM IN SUPPORT OF PETITION FOR SUMMARY ENFORCEMENT OF UNITED STATES' RAILROAD RETIREMENT BOARD SUBPOENA.**

in a pre-paid envelope addressed to the following named individual(s) and caused said envelope to be deposited in the United States mail chute located in the Everett McKinley Dirksen Building, Chicago, Illinois on said date at the hour of 5:00 p.m.:

Thomas J. Dwyer, Registered Agent
American Railroads Corporation
401 S. LaSalle Street
Suite 606
Chicago, Illinois 60605

SUBSCRIBED AND SWORN TO before me this
26th day of March 2003

NOTARY PUBLIC

My Commission Expires: __10/28/06__

"OFFICIAL SEAL"
Mary Anne Martin
Notary Public, State of Illinois
My Commission Exp. 10/28/2006

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

UNITED STATES RAILROAD RETIREMENT BOARD

JUDGE HOLDERM **03 C 2156**

**DEFENDANTS**

AMERICAN RAILROADS CORPORATION

DOCKETED

MAR 2 7 2003

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Maria Simon, Assistant U.S. Attorney
219 S. Dearborn Street
5th Fl.
Chicago, IL 60604
(312) 353-5349

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- [x] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

45 U.S.C. § 231, et seq.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 26 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 550 Other | | | [x] 890 Other Statutory Actions |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** [ ] UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint:    JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/26/03    SIGNATURE OF ATTORNEY OF RECORD    Maria Simon, AUSA

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES                                        )
RAILROAD RETIREMENT BOARD                            )       JUDGE HOLDERMAN
                        Petitioner,                  )
                                                     )       No.
            v.                                       )
                                                     )              MAGISTRATE JUDGE
AMERICAN RAILROADS CORPORATION,                      )       GERALDINE SOAT BROWN
                                                     )
                        Respondent.                  )       03C 2156
                                                     )

**MEMORANDUM IN SUPPORT OF PETITION FOR SUMMARY ENFORCEMENT
OF UNITED STATES RAILROAD RETIREMENT BOARD SUBPOENA** DOCKETED

**Introduction**

MAR 2 7 2003

This is a summary proceeding filed by the United States Railroad Retirement Board as

petitioner to obtain judicial enforcement of the March 28, 2002, subpoena issued by the Railroad

Retirement Board pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. § 231f(b)(3), and the

Railroad Unemployment Insurance Act, 45 U.S.C. § 362(a). The subpoena was issued to respondent

American Railroads Corporation (ARC), through Richard McClure, the Chairman, President and

CEO of that corporation, pursuant to an inquiry by the Railroad Retirement Board into whether the

ARC was an employer under its jurisdiction.

An administrative subpoena is summarily enforceable if it is within the authority of the

agency, if the demand is not indefinite, and if the information sought is reasonably relevant to the

agency's inquiry. Once the government sets forth a *prima facie* case through affidavit that these

three requirements have been met, the subpoena should be enforced. By the Declaration of Joseph

B. Ellena, Chief, Audit and Compliance Section, Railroad Retirement Board, in support of the

United States Railroad Retirement Board's Petition for Summary Enforcement, the Board has

established that its inquiry in this case is within the authority of its office, that the subpoena seeks

documents relevant to the inquiry, and that the request is not indefinite or unduly burdensome.

Therefore, the subpoena should be summarily enforced; ARC should be ordered to produce all responsive documents immediately.

## Statutory Background

The Railroad Retirement Board was created by the Railroad Retirement Act of 1937, which was replaced by the Railroad Retirement Act of 1974. The Board administers the Railroad Retirement Act of 1974, 45 U.S.C. § 231, *et seq.*, and the Railroad Unemployment Insurance Act, 45 U.S.C. § 351, *et seq.*

By statute, the Railroad Retirement Board is required to determine eligibility for retirement annuities, disability annuities, lump sum benefits, and other benefits under the Railroad Retirement Act and eligibility for sickness insurance and unemployment insurance under the Railroad Unemployment Insurance Act. 45 U.S.C. §§ 231f(b), 352, and 355. Such benefits are based on reports required to be filed by employers covered under these Acts. 45 U.S.C. §§ 231h and 356. A company may be an employer if it is a carrier by rail, or if it is owned or controlled or under common control with a carrier and providing services in connection with railroad transportation, or under certain other circumstances. 45 U.S.C. §§ 231(a)(1) and 351(a). In order to determine whether a company which may be an employer under the Acts should be held to actually be an employer under the Acts, the Board must obtain information as to the ownership and affiliation of that company and the services it performs, as well as the period of that ownership and provision of services. *Id.* The Board is required to obtain such information in order to properly administer the Acts. 45 U.S.C. §§ 231f(b) and 355.

So that the Board may effectively carry out its statutory duties and responsibilities, Congress has given the following broad subpoena power to the Board:

> For the purpose of any investigation or other proceeding relative to the determination of any right to benefits, or relative to any other matter within its jurisdiction under this chapter, the Board shall have the power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any evidence, documentary or

2

otherwise, that relates to any matter under investigation or in question, before the Board or any member, employee, or representative thereof.

45 U.S.C. § 362(a).

This provision is incorporated into the Railroad Retirement Act. *See* 45 U.S.C. § 231f(b)(3) (incorporating 42 U.S.C. § 362(a)).

### Statement of Facts

#### A.     American Railroads Corporation

On August 16, 2001, the Railroad Retirement Board sent a letter to Richard McClure, Chairman, President and CEO of ARC, requesting information from that corporation for the purpose of determining "whether ARC will be an employer under the jurisdiction of the Railroad Retirement and Railroad Unemployment Insurance Acts." *See* Attachment 1, Declaration of Joseph B. Ellena, Chief, Audit and Compliance Section, Railroad Retirement Board (Decl. of Ellena), Ex. B, Letter from Fleming to McClure, dated 8/16/01. To that end, the Board requested specific information about the corporation, its employees, revenues and services, ownership, assets, contracts and status. *Id.*     As those questions indicate, the information request was specifically tailored to elicit information regarding ARC's connection to and interaction with the railroad industry, specifically regarding the ownership and affiliation of ARC and the services provided by ARC. *Id.*

ARC never responded to this letter. The Board sent three follow-up letters, on October 4, 2001, November 5, 2001 and January 8, 2002, to ARC. Attach. 1, Decl. of Ellena, Exs. C, D, E. These letters were also unanswered.

#### B.     The Railroad Retirement Board's Subpoena

The Railroad Retirement Board issued a subpoena to Richard McClure, Chairman, President and CEO of ARC on March 28, 2002, seeking documents requested in its original August 16, 2001 letter. Attach. 1, Decl. of Ellena, Ex. A, Subpoena Duces Tecum.

3

The Board requires information as to the ownership of ARC, whether ARC is affiliated with a railroad, and the type of services it provides and to whom, in order to determine whether ARC is a covered employer under the Railroad Retirement and Railroad Unemployment Insurance Acts. Assuming that ARC would be found to be an employer under the Acts, then it would be necessary to have information as to the duration of its ownership and operations in order to determine the period of its coverage under the Acts.

### C. American Railroads Corporation Failed to Comply with Subpoena

ARC never responded to this subpoena.

After the Railroad Retirement Board had referred this matter to the United States Attorney's Office for enforcement of the subpoena, the U.S. Attorney's Office also sought the voluntary compliance of the ARC with the Board's information requests. Attach. 2, Letters to McClure from Simon, dated 2/5/03, and corresponding return receipts. These letters also went unanswered.

### Argument

The Railroad Unemployment Insurance Act, provides that upon issuance of a Railroad Retirement Board subpoena, "[i]n the case of contumacy by, or refusal to obey a subpoena lawfully issued to, any person, the Board may invoke the aid of the district court of the United States . . . in requiring the attendance and testimony of witnesses and the production of evidence." 45 U.S.C. § 362(b); *see also* 45 U.S.C. § 231f(b)(3) (incorporating 45 U.S.C. § 362(b)). The role of the district court in evaluating a request for enforcement "is a strictly limited one," *FTC v. Texaco*, 555 F.2d 862, 871-72 (D.C. Cir. 1977); *see also Federal Sav. and Loan Ins. Corp. v. Bass Fin. Corp.*, 552 F.Supp. 352, 353 (N.D. Ill. 1982). The sole issue in an enforcement proceeding is whether "the court's process would or would not be abused by enforcement." *SEC v. Wheeling-Pittsburgh Steel Corp.*, 648 F.2d 118, 125 (3d Cir. 1981). No such abuse is present where the enforcing court determines that "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant" to the agency's inquiry. *United States v. Morton*

*Salt Co.*, 338 U.S. 632, 652 (1950); *Commodity Futures Trading Comm. v. Tokheim*, 153 F.3d 474, 477 (7th Cir. 1998); *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995). It is the respondent's burden to show that complying with the subpoena would be unreasonable. *EEOC v. Quad/Graphics, Inc.*, 63 F.3d at 648-49.

The scope of issues to be litigated in any enforcement proceeding is narrow:

> [T]he scope of issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity. . . . [T]he "very backbone of an administrative agency's effectiveness in carrying out the congressionally mandated duties . . . is the rapid exercise of the power to investigate . . . ."

*FTC v. Texaco*, 555 F.2d at 872 (citation omitted). In determining whether the information sought through an investigatory subpoena is reasonably relevant to the agency's inquiry, the enforcing court should consider that:

> administrative investigatory subpoenas must by their very nature be broad. The agency need not narrow its focus from the beginning, and it is not for this court to determine whether the information sought is relevant to whatever eventual action the agency might take. This court may look only to the *general* purpose of the investigation and determine if the information sought, however broad, is relevant to that purpose.

*United States v. Firestone Tire & Rubber Co.*, 455 F. Supp. 1072, 1083 (D. D.C. 1978) (emphasis added).

To set forth a *prima facie* case for enforcement of an administrative subpoena under *Morton Salt, supra*, it is sufficient for the issuing authority to submit an affidavit or declaration to the enforcing court that demonstrates the basis for its conclusion that the investigation is within the scope of the agency's authority and that the requested documents are needed and relevant to the inquiry. *In re EEOC*, 709 F.2d 392, 400 (5th Cir. 1983).

5

## A.    The Investigation and Subpoena are Within the Authority of the Board.

The Declaration of Joseph B. Ellena, Chief, Audit and Compliance Section, Railroad Retirement Board, filed in support of the United States Railroad Retirement Board's Petition for Summary Enforcement and submitted herewith as Attachment 1, establishes the government's *prima facie* case for enforcement. The investigation under which the instant subpoena was issued is well within the authority of the Railroad Retirement Board. The goal of the Railroad Retirement Board in connection with this investigation is to determine whether the ARC will be an employer under the jurisdiction of the Railroad Retirement and Railroad Unemployment Insurance Acts.

In evaluating the sufficiency of this showing, it must be kept in mind that "[e]ven if one were to regard the request for information in this case as caused by nothing more than official curiosity, nevertheless law-enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest." *United States v. Morton Salt Co.*, 338 U.S. at 652; *see Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 216 (1984); *Perkins v. Endicott Johnson Corp.*, 128 F.2d 208, 214 (2d Cir. 1942). Here, the Railroad Retirement Board is attempting to obtain information essential to enable it to determine whether ARC should be held to be an employer under the Railroad Retirement and Railroad Unemployment Insurance Acts. Because this evidence is not "plainly incompetent or irrelevant to any lawful purpose of the [agency]," this court should summarily enforce the Railroad Retirement Board's subpoena. *See United States EPA v. Alyeska Pipeline*, 836 F.2d at 446 (*citing Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)).

## B.    The Materials Sought are Reasonably Relevant to the Board's Inquiry.

The documents requested by the subpoena are directly relevant to the Board's inquiry. The Board seeks to determine whether the ARC is an employer under the Railroad Retirement and Railroad Unemployment Insurance Acts, enactments which are administered by the Board. If the Board finds ARC to be a covered employer under the Acts, then that company has reporting

6

obligations and is obligated to pay contributions under the Railroad Unemployment Insurance Act. The reports of compensation and service reported may affect the entitlement of the employees of ARC to retirement benefits and unemployment and sickness insurance. Information regarding the ownership and operations of ARC are directly relevant to the Board's investigation. A company which is not a rail carrier under the Acts may nevertheless be an employer under the Acts if is under the control of a rail carrier or under common control with a carrier, and performs rail-related services. The information sought all relates to the ownership and affiliation of ARC, the type of services it provides and to whom, and the periods over which this information is applicable.

## C. The Subpoena Is Not Indefinite or Unduly Burdensome.

The March 28, 2002, subpoena seeks information relating to the ownership of ARC, whether it is under common control with a rail carrier, the nature of its operations, the identity of any company which it provides services for, determinations by other government agencies regarding the status of ARC under related statutes, and the applicable dates or periods to which coverage may relate.

The subpoena is not indefinite because it seeks particularized categories of documents that are readily definable, as detailed above. *See Oklahoma Press Publishing Co. v. Walling*, 327 U.S. at 208 (indefiniteness defined as preventing particularized description of documents requested). Nor is the production of those documents unduly burdensome. "[T]he question is whether the demand is *unduly* burdensome or *unreasonably* broad. Some burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest." *FTC v. Texaco*, 555 F.2d at 882 (emphasis added). "The burden of showing that the request is unreasonable is on the subpoenaed party . . . [and] is not easily met where . . . the agency inquiry is pursuant to a lawful purpose and the requested documents are relevant to that purpose." *Id. See also United States v. Powell*, 379 U.S. 48, 58 (1964). Here, the Board's subpoena is narrowly tailored to seek

7

only those documents related to its statutory mission to determine railroad employees' eligibility for certain benefits and, to that end, the companies that fall within its jurisdiction.

## Conclusion

The March 28, 2002 subpoena is fully authorized under the Railroad Retirement Act of 1974 and the Railroad Unemployment Insurance Act and the materials requested by subpoena are reasonably relevant to the inquiry. Accordingly, the United States requests this Court to summarily enforce the subpoena issued to respondent Richard McClure, Chairman, President and CEO of American Railroads Corporation.

Dated: March 26, 2003

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:

MARIA SIMON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5349

8

# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| RAILROAD RETIREMENT BOARD | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| AMERICAN RAILROADS CORPORATION, | ) | |
| Respondent. | ) | No. |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF JOSEPH B. ELLENA, UNITED STATES RAILROAD RETIREMENT BOARD, IN SUPPORT OF THE UNITED STATES= PETITION FOR SUMMARY ENFORCEMENT OF SUBPOENA

I, Joseph B. Ellena, make the following sworn declaration:

1.      I am Chief of the Audit and Compliance Section of the Railroad Retirement Board. My duties include the obtaining of information relating to the potential coverage of companies as employers under the Railroad Retirement and Railroad Unemployment Insurance Acts.

2.      This declaration is submitted in support of the United States Railroad Retirement Board=s Petition for Summary Enforcement of a March 28, 2002 subpoena issued to Richard McClure, Chairman, President and CEO of American Railroads Corporation (ARC) and is based on personal knowledge obtained by me in the course of my official duties.

3.      The March 28, 2002, subpoena issued to the American Railroads Corporation seeks documents that will enable the Board to determine whether ARC will be an employer under the jurisdiction of the Railroad Retirement and Railroad Unemployment Insurance Acts.  A true and accurate copy of the subpoena is attached to this Declaration at Exhibit A.

4.     The Railroad Retirement Board has at least the following statutory duties and responsibilities: to determine eligibility for retirement annuities, disability annuities, lump sum benefits, and other benefits under the Railroad Retirement Act and eligibility for sickness insurance and unemployment insurance under the Railroad Unemployment Insurance Act. 45 U.S.C. §§ 231f(b), 352 and 355. Such benefits are based on reports required to be filed by employers covered under these Acts. 45 U.S.C. §§ 231h and 356. A company may be an employer if it is a carrier by rail, or if it is owned or controlled or under common control with a carrier and providing services in connection with railroad transportation, or under certain other circumstances. 45 U.S.C. §§ 231(a)(1) and 351(a). In order to determine whether a company which may be an employer under the Acts should be held to actually be an employer under the Acts, the Board must obtain information as to the ownership and affiliation of that company and the services it performs, as well as the period of that ownership and provision of services. *Id.* The Board is required to obtain such information in order to properly administer the Acts.  45 U.S.C. §§ 231f(b) and 355.

5.     To carry out its statutory duties and responsibilities, Congress has given broad subpoena power to the Board:

> For the purpose of any investigation or other proceeding relative to the determination of any right to benefits, or relative to any other matter within its jurisdiction under this chapter, the Board shall have the power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any evidence, documentary or otherwise, that relates to any matter under investigation or in question, before the Board or any member, employee, or representative thereof.

45 U.S.C. § 362(a).

> For purposes of this section, the Board shall have and exercise such of the powers, duties and remedies provided in subsection (a), (b), (d), and (n) of section

2

12 of the Railroad Unemployment Insurance Act [codified at 45 U.S.C. § 362]
as are not inconsistent with the express provisions of this Act.

45 U.S.C. § 231f(b)(3).

6. In this case, the Board has the duty and responsibility to determine whether ARC is an employer under the Acts.

7. ARC was brought to the attention of the Board in connection with the investigation of another company wherein Richard McClure, Chairman, President and CEO of ARC, advised the Board that ARC was a shortline holding company and consulting group with several shortline and switching companies.

8. The information sought by the Board will show whether ARC is covered by the statutes administered by the Board. If ARC is so covered, it will be obligated to report the service and compensation of its employees, and those employees may qualify for retirement or disability annuities under the Railroad Retirement Act and unemployment or sickness insurance under the Railroad Unemployment Insurance Acts. ARC would also be obligated to pay contributions under the Railroad Unemployment Insurance Act.

9. The records sought by the March 28, 2002, subpoena are relevant, in that they will show at least the following: whether ARC is under the control of or under common control with a rail carrier and whether it is performing services in connection with rail transportation.

10. The subpoena was preceded by requests for this information on four separate occasions: August 16, 2001, October 4, 2001, November 5, 2001 and January 8, 2002. These letters are attached as Exhibits B, C, D, E.

3

11.    No response has been received.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the above statements are true and correct. Executed this 26th day of March, 2003, at Chicago, Illinois.

Dated: _March 26, 2003_                         _Joseph B. Ellen_

_Cynthia Marie Chatman_
_Notary Public_

"OFFICIAL SEAL"
Cynthia Marie Chatman
Notary Public, State of Illinois
My Commission Exp. 05/09/2004

4

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### RAILROAD RETIREMENT BOARD

TO:   Mr. Richard McClure
      Chairman, President and CEO
      American Railroads Corporation
      220 East Dundee Road, Suite 22
      Barrington, IL 60010

You are hereby summoned and required to appear before

Robert J. Eggert _____ of the

Railroad Retirement Board at __9:30__ a.m./p.m., on the __22nd__ day

of __May__, 2002__, to testify in the Matter of the coverage investigation of American Railroads Corporation.

You are hereby required to bring with you and produce at said time and place the following books, records, correspondence and documents:

Any and all information that responds to the questions set forth in the letters to you dated August 16, 2001, October 4, 2001, November 5, 2001, and January 8, 2002 (copies of which are attached).

You need not appear in person if you produce the required records prior to your testimony date.

Refusal to obey this subpoena will cause an order to be issued against you by a Federal court and failure to obey such order may be punished as a contempt thereof.  See 45 U.S.C. §§ 231f(b) and 362(b).

In testimony whereof, the seal of the Railroad Retirement Board is affixed hereto, and the undersigned, a subordinate of the said Railroad Retirement Board duly designated and authorized by the said Railroad Retirement Board to require and compel the attendance of witnesses, has hereunto set her hand at Chicago, Illinois, this 28th day of March 2002.

FOR THE BOARD
Beatrice Ezerski
Secretary to the Board



GOVERNMENT
EXHIBIT

A

RETURN OF SERVICE

I hereby certify that I am over eighteen years of age and that I duly served a copy of the within subpoena on the person to whom it is addressed by

_____on

the _____ day of _____ , 2002.

(Name)

(Title)



UNITED STATES OF AMERICA
## RAILROAD RETIREMENT BOARD
844 NORTH RUSH STREET
CHICAGO, ILLINOIS 60611-2092

Bureau of Fiscal Operations
Room 506

AUG 1 6 2001

Mr. Richard McClure
Chairman, President & CEO
American Railroads Corporation
207 S. Cook, Suite 200
Barrington, Illinois 60010

In reply refer to: American Railroads Corporation (ARC)/cs

Dear Mr. McClure:

The purpose of this letter is to obtain information regarding ARC and the services it performs. So that we may determine whether ARC will be an employer under the jurisdiction of the Railroad Retirement and Railroad Unemployment Insurance Acts, I am requesting that you furnish the following information:

1.  Information regarding the corporation:

    a.  The correct corporate name and address.

    b.  The date ARC was incorporated or acquired.

    c.  The name of the owner(s) of ARC.

    d.  The date ARC began operations.

    e.  Provide ARC's Employer Identification Number.

    f.  Is ARC a publicly or privately held corporation?

 Printed on recycled paper


GOVERNMENT
EXHIBIT
B

UNITED STATES RAILROAD RETIREMENT BOARD          2

2.   Information regarding ARC employees:

   a.   The name of the Chief Executive Officer.

   b.   The number of current employees and the date from which employees were first compensated.

   c.   What proportion of the employees work in positions related to business connected with rail carriers?

   d.   Do ARC employees perform work on property owned by a railroad? If yes, please describe fully.

3.   Information regarding ARC's revenues and services:

   a.   Describe the operations in which ARC has been engaged in from the date of incorporation to the present to include any business not connected with the railroad industry.

   b.   Provide the amount of the business which ARC does with railroad carriers and include the following:

      a)   Name of rail carrier,
      b)   percent of total business time spent doing business with rail carrier,
      c)   percentage of revenue received from rail carrier, and
      d)   a detailed description of services provided for the rail carrier.

4.   Information regarding ARC's ownership:

   a.   Does any railroad have a financial interest in ARC, either through direct or indirect stock ownership, as a parent corporation or indirect stock ownership through a parent company (brother/sister corporation)?

   b.   Name any individual who owns both a controlling interest in ARC and controlling interest in any other rail carrier, and name the carrier involved.

UNITED STATES RAILR●RETIREMENT BOARD      3

c.  Are any ARC officers/directors also officers/directors of another rail carrier? If yes, please name the officer/directors, the positions held, and the rail carriers involved.

d.  Explain the relationship which exists between Southern California Railroad Company and ARC.

5.  Information regarding ARC's assets:

a.  Describe the nature of equipment and facilities owned.

b.  Describe the nature of equipment and facilities jointly controlled.

6.  Provide information regarding contracts:

a.  Does ARC provide service for any carrier pursuant to a written agreement? If yes, provide sample copies of such agreements.

b.  If the ARC is a lessee or lessor of railroad track or equipment, provide copies of the lease.

7.  Information regarding ARC's status:

a.  Has the Federal Railroad Administration required ARC to pay user fees?

b.  Has the Interstate Commerce Commission or the Surface Transportation Board made any rulings regarding the status of ARC? If yes, please provide copies of rulings and notices.

c.  Has the Internal Revenue Service ruled on the applicability of the Railroad Retirement Tax Act to ARC? If yes, please provide details.

I ask that you furnish any additional information that will help us to determine what the coverage status of ARC should be under the jurisdiction of the RRA and RUIA to include copies of annual share holders reports if available.

UNITED STATES RAIL● RETIREMENT BOARD                    4

Please direct your response to me within 30 days from receipt of this letter. You may FAX your response to the Audit and Compliance Section at (312) 751-7171. Should you need additional time to respond, please contact Ms. Carrie Siller at (312) 751-4304.

Sincerely,

Edmund T. Fleming
Chief, Audit and Compliance
Section

UNITED STATES OF AMERICA
## RAILROAD RETIREMENT BOARD
844 NORTH RUSH STREET
CHICAGO, ILLINOIS 60611-2092

Bureau of Fiscal Operations
Room 506

OCT 0 4 2001

Mr. Richard McClure
Chairman, President & CEO
American Railroads Corporation
207 S. Cook, Suite 200
Barrington, Illinois 60010

In reply refer to: American Railroads Corporation (ARC)/cs

Dear Mr. McClure:

This a follow-up to our letter dated August 16, 2001, requesting information concerning ARC (copy enclosed). To date, our records indicate that you have not responded. We again request this information in order to maintain accurate service and employer records.

Direct your response to me within 20 days from receipt of this letter. Should you have any questions or need additional time to respond, please contact Ms. Carrie Siller at (312) 751-4304.

Sincerely,

Edmund T. Fleming

Edmund T. Fleming
Chief, Audit and Compliance
Section

Enclosure

Printed on recycled paper/with soy Ink

GOVERNMEN
EXHIBIT
C



UNITED STATES OF AMERICA
**RAILROAD RETIREMENT BOARD**
844 NORTH RUSH STREET
CHICAGO, ILLINOIS 60611-2092

Bureau of Fiscal Operations
Room 506

NOV 05 2001

Mr. Richard McClure
Chairman, President & CEO
American Railroads Corporation
207 S. Cook, Suite 200
Barrington, IL 60010

In reply refer to: American Railroad Corporation (ARC)/cs

Dear Mr. McClure:

This is a follow-up to our letters dated August 16, 2001 and October 4, 2001, requesting information concerning ARC (copy enclosed). We are again requesting this information.

Please direct your response to me within 20 days from receipt of this letter. You may FAX this information to the Audit and Compliance Section at (312) 751-7171. Should you need additional time to respond, please contact Ms. Carrie Siller at (312) 751-4304.

Sincerely,

Edmund T. Fleming
Chief, Audit and Compliance
 Section

Enclosure

 Printed on recycled paper


GOVERNMENT EXHIBIT
D



UNITED STATES OF AMERICA
RAILROAD RETIREMENT BOARD
844 NORTH RUSH STREET
CHICAGO, ILLINOIS 60611-2092

Bureau of Fiscal Operations
Room 506

JAN 0 8 2002

CERTIFIED LETTER

Mr. Richard McClure
Chairman, President & CEO
American Railroads Corporation
207 S. Cook, Suite 200.
Barrington, IL 60010

In reply refer to: American Railroads Corporation (ARC)/cs

Dear Mr. McClure:

This is a follow-up to our letters dated August 16, 2001, October 4, 2001 and
November 5, 2001, requesting additional information concerning ARC (copies
enclosed). To date, our records indicate that you have not responded.

Immediate action is required. Failure to submit the information or provide an
explanation of why the information cannot be furnished within 15 days from receipt
of this letter will result in a referral to our General Counsel for the issuance of
a subpoena. The Board's authority to issue subpoenas relating to matters in its
administration is provided for in Section 12(a) of the Railroad Retirement
Unemployment Insurance Act (45 U.S.C. § 362(a)).

Should you have any questions, I can be reached at (312) 751-7120.

Sincerely,

Edmund T. Fleming
Chief, Audit and Compliance
Section

Enclosures



GOVERNMEI
EXHIBIT
F



Printed on recycled paper

# Exhibit 2

U. S. Department of Justice

United States Attorney
Northern District of Illinois



| Maria Simon | Dirksen Federal Building | Direct Line: (312) 353-5349 |
|---|---|---|
| Assistant United States Attorney | 219 South Dearborn Street, Fifth Floor | Fax: (312) 886-4073 |
| | Chicago, Illinois 60604 | |

February 5, 2003

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Richard McClure
Chairman, President and CEO
American Railroads Corporation
135 North Avenue
Barrington, Illinois 60010

Re:  *Subpoena Issued to Richard McClure, American Railroads Corporation*

Dear Mr. McClure:

The United States Railroad Retirement Board has referred a matter to this Office for enforcement. The Board has identified that you have failed to comply with the subpoena issued to you on May 15, 2002.

Refusal to obey a subpoena lawfully issued to you by the Board could result in a court order which would require your attendance and testimony as well as the production of evidence to the Railroad Retirement Board. 45 U.S.C. § 362(b). Congress has further provided that any failure to obey such a order from the court may be punished as contempt of the court. *Id.*

Prior to initiating enforcement proceedings in the federal court, this Office extends a final opportunity resolve this matter expeditiously and without resorting to litigation. If you are interested in resolving this matter short of actual litigation, you must produce the information requested by the Board in its May 15, 2002 subpoena to this office within 10 days, that is by February 18, 2003.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: 

MARIA SIMON
Assistant United States Attorney
(312) 353-5349

encl.

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage)

OFFICIAL

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Richard McClure – American Rail
Street, Apt. No.; or PO Box No.   135 North Avenue
City, State, ZIP+4  Barrington, Illinois  60010

PS Form 3800, January 2001    See Reverse for

7001 1940 0001 4940 1014

CERTIFIED MAIL

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

Richard McClure
Chairman, President & CEO
American Railroads Corporation
135 North Avenue
Barrington, IL  60010

4a. Article Number
7001 1940 0001 4940 1014

4b. Service Type
☐ Registered        ☒ Certified
☐ Express Mail      ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form 3811, December 1994      102595-97-B-0179    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Print your name, address, and ZIP Code in this box ●

Maria Simon
Assistant United States Attorney
219 S. Dearborn Street
Suite 500
Chicago, IL.  60604

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Add
2. ☐ Restricted Delive

Consult postmaster for fe

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Richard McClure | 7001 1940 0001 4940 1( |
| Chairman, President & CEO | **4b. Service Type** |
| American Railroads Corporation | ☐ Registered ☒ Ce |
| 135 North Avenue | ☐ Express Mail ☐ Ins |
| Barrington, IL 60010 | ☐ Return Receipt for Merchandise ☐ CC |
| | 7. Date of Delivery    ⱥ-6-03 |
| 5. Received By: *(Print Name)*   LAURA McCLURE | 8. Addressee's Address *(Only if reques and fee is paid)* |
| 6. Signature: *(Addressee or Agent)*   X | |

PS Form 3811, December 1994            102595-97-B-0179      Domestic Return Re

Is your **RETURN ADDRESS** completed on the reverse side?

U. S. Department of Justice

*Maria Simon*
*Assistant United States Attorney*

**United States Attorney**
**Northern District of Illinois**

*Dirksen Federal Building*
*219 South Dearborn Street, Fifth Floor*
*Chicago, Illinois 60604*

*Direct Line: (312) 353-5349*
*Fax: (312) 886-4073*

January 27, 2003

**COPY**

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Richard McClure
Chairman, President and CEO
American Railroads Corporation
20 East Dundee Road, Suite 22
Barrington, Illinois 60010

Re:   *Subpoena Issued to Richard McClure, American Railroads Corporation*

Dear Mr. McClure:

The United States Railroad Retirement Board has referred a matter to this Office for enforcement. The Board has identified that you have failed to comply with the subpoena issued to you on May 15, 2002.

Refusal to obey a subpoena lawfully issued to you by the Board could result in a court order which would require your attendance and testimony as well as the production of evidence to the Railroad Retirement Board. 45 U.S.C. § 362(b). Congress has further provided that any failure to obey such a order from the court may be punished as contempt of the court. *Id.*

Prior to initiating enforcement proceedings in the federal court, this Office extends a final opportunity resolve this matter expeditiously and without resorting to litigation. If you are interested in resolving this matter short of actual litigation, you must produce the information requested by the Board in its May 15, 2002 subpoena to this office within 10 days, that is by February 10, 2003.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: 
MARIA SIMON
Assistant United States Attorney
(312) 353-5349

encl.

■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Richard McClure
Chairman, President and CEO
American Railroads Corporation
20 E. Dundee Road, Suite 22
Barrington, IL 60010

X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)

7001 1940 0001 4940 1496

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7001 1940 0001 4940 1496
7001 1940 0001 4940 1496

OFFICIAL USE

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

Sent To: Richard McClure
Street, Apt. No.;
or PO Box No. 20 East Dundee Rd., Suite 22
City, State, ZIP+4 Barrington, IL 60010

PS Form 3800, January 2001    See Reverse for Instructions

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

MARIA SIMON, ASSISTANT UNITED STATES ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY'S OFFICE
219 S. DEARBORN, 5TH FLOOR
CHICAGO, IL 60604

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front If space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Received by *(Please Print Clearly)*    B. Date of [
Cara McClure

C. Signature
X    □ Ag
     □ Ad

D. Is delivery address different from item 1?    □ Yes
   If YES, enter delivery address below:    □ No

1. Article Addressed to:

rd McClure
man, President & CEO
can Railroads Corporation
st Dundee Road, Suite 22
ngton, IL   60010

3. Service Type
XX□ Certified Mail    □ Express Mail
    □ Registered       □ Return Receipt for Merch
    □ Insured Mail     □ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    □ Yes

2. Article Number *(Copy from service label)*

7001 1940 0001 4940 1007

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-